UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LEONARD HOUSTON,

                    Plaintiff,

          -against-

UNITED STATES,

                    Defendant.

26-CV-0228 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action under the Camp Lejeune Justice Act of 2022, Pub. L. 117-168, title VIII, § 804 ("CLJA"), which allows individuals who were exposed to contaminated water at Camp Lejeune to seek compensation. For the reasons set forth below, the Court dismisses this action without prejudice to Plaintiff's pending action, *Houston v. United States*, No. 7:23-cv-01202-BO-RJ (E.D.N.C.).[1]

## BACKGROUND

Plaintiff Leonard Houston, who is currently 82 years old, alleges that he served in the United States Marine Corps from March 30, 1959, to March 30, 1963, when he was honorably discharged. He asserts that he was stationed at Camp Lejeune, North Carolina, and was exposed to contaminated water containing volatile organic compounds, such as vinyl chloride, Perchloroethylene, trichloroethylene, and benzene. He contends that, as a result, he has suffered various health issues, including malignant colon polyps. Plaintiff states that he filed an administrative claim for compensation with the United States Navy on January 1, 2023, but it was constructively denied, and he filed suit in North Carolina, *Houston v*, No. 7:23-cv-01202-

---

[1] Plaintiff's pending complaint relates to the Master Complaint on file in the case styled *In Re: Camp Lejeune Water Litigation*, Case No. 7:23-cv-897, 25 (E.D.N.C.).

BO-RJ. Plaintiff does not offer any explanation why he now brings this new complaint reasserting his claims arising at Camp Lejeune that are already pending in North Carolina.[2]

## DISCUSSION

The Eastern District of North Carolina has exclusive jurisdiction of complaints arising under the CLJA § 804(d). *See In re Subpoena to Nat'l Acad. of Scis.*, 347 F.R.D. 45, 47 (D.D.C. 2024) ("The CLJA designates the E.D.N.C. as the exclusive jurisdiction over complaints arising under the Act. CLJA § 804(d).").

Because Plaintiff already has a pending action in the Eastern District of North Carolina, *Houston*, No. 7:23-cv-01202-BO-RJ (E.D.N.C.), there does not appear to be any reason to transfer this duplicate lawsuit to the Eastern District of North Carolina. The Court therefore dismisses the complaint, without prejudice to Plaintiff's pending case.

## CONCLUSION

Plaintiff's complaint is dismissed without prejudice to his pending action in the Eastern District of North Carolina, *Houston*, No. 7:23-cv-01202-BO-RJ (E.D.N.C.).

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). Judgment shall enter. SO ORDERED.

Dated:   January 13, 2026
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

---

[2] If Plaintiff seeks to change the allegations of his pending complaint, he must do so in the pending action, *Houston*, No. 7:23-cv-01202-BO-RJ (E.D.N.C.), to the extent available.